IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

DONALD R. TORAN                                                                                          PLAINTIFF

      v.      Civil No. 11-2148

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                                                      DEFENDANT

**MEMORANDUM OPINION**

  Plaintiff, Donald Toran, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his claim for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I. Procedural Background:**

  The plaintiff filed his applications for DIB and SSI on October 29, 2009, alleging disability due to chronic pain (back, knee, wrists, fingers, ankles, and neck), fibromyalgia, kidney disease, and depression since February 1, 2009. Tr. 118-122, 123-129. His applications were denied initially and on reconsideration. Tr. 57-60.

  An administrative hearing was held on November 16, 2010. Tr. 23-56. Plaintiff was present and represented by counsel. At this time, plaintiff was 49 years of age and possessed a high school education. Tr. 26. He had past relevant work ("PRW") experience as a carpenter. Tr. 18.

  On April 7, 2011, the Administrative Law Judge ("ALJ") concluded that, although severe, Plaintiff's mild degenerative joint disease ("DJD") in the right knee and generalized complaints of pain did not meet or equal any Appendix 1 listing. Tr. 12-14. He found that plaintiff maintained the residual functional capacity ("RFC") to perform a full range of medium work. Tr. 14-17. With the assistance

of a vocational expert, the ALJ then found that plaintiff could still perform work as a hand packager, auto detailer, and kitchen helper. Tr. 21.

Plaintiff appealed this decision to the Appeals Council, but said request for review was denied on July 21, 2011. Tr. 1-3. Subsequently, plaintiff filed this action. Doc. # 1. This case is before the undersigned by consent of the parties. Both parties have filed appeal briefs, and the case is now ready for decision. ECF No. 11, 12.

II.  **Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Id*. "Our review extends beyond examining the record to find substantial evidence in support of the ALJ's decision; we also consider evidence in the record that fairly detracts from that decision." *Id.*  As long as there is substantial evidence in the record to support the Commissioner's decision, the court may not reverse the decision simply because substantial evidence exists in the record to support a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). If we find it possible "to draw two inconsistent positions from the evidence, and one of those positions represents the Secretary's findings, we must affirm the decision of the Secretary." *Cox*, 495 F.3d at 617 (internal quotation and alteration omitted).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or

2

psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

### A. The Evaluation Process:

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his or her age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. § § 404.1520, 416.920 (2003).

### III. Discussion:

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). A disability claimant has the burden of establishing his or her RFC. *See Masterson v. Barnhart*, 363 F.3d 731, 737 (8th Cir. 2004). "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." *Davidson v. Astrue*, 578 F.3d 838, 844 (8th Cir. 2009)*; see also Jones v. Astrue*, 619 F.3d 963, 971 (8th Cir. 2010) (ALJ is responsible for determining RFC based on all relevant evidence, including medical records, observations of treating physicians and others, and claimant's own description of his limitations). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for

3

the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003); *see also Jones*, 619 F.3d at 971 (RFC finding must be supported by some medical evidence). "Under this step, the ALJ is required to set forth specifically a claimant's limitations and to determine how those limitations affect her RFC." *Id*.

Records indicate that Plaintiff had been followed by the Veteran's Administration ("VA") for arthralgias in various joints, kidney disease, lumbago, and obesity since at least January 2008. Tr. 228-229, 236-237, 244. In February 2009, Plaintiff was diagnosed with fibromyalgia and mild renal insufficiency. Tr. 222-225. The pain and kidney related symptoms continued, and in October 2009, Plaintiff requested pain medication. Tr. 215. However, he was denied narcotic pain medication due to a history of cocaine use.[1] In December 2009, Dr. Van Hoang examined Plaintiff and noted decreased flexion in his lumbar spine. Tr. 258-262. He diagnosed Plaintiff with fibromyalgia[2] by history, depression by history, and chronic bilateral knee arthralgia. Dr. Hoang then assessed Plaintiff with moderate physical limitations for work and reiterated that he had normal flexion in both knees. But, he did not indicate how these moderate limitations would restrict Plaintiff's ability to perform exertional and non-exertional activities.

---

[1]There is, however, no contention that Plaintiff was using cocaine at this time or that drug use was a material factor in this case.

[2]Fibromyalgia is a condition that causes pain in fibrous tissues, muscles, tendons, ligaments and other "white" connective tissues. Its cause or causes are unknown, there is no cure, and, perhaps of greatest importance to disability law, its symptoms are entirely subjective. There are no laboratory tests for the presence or severity of fibromyalgia. The disease is chronic, and "[d]iagnosis is usually made [only] after eliminating other conditions." *Brosnahan v. Barnhart*, 336 F.3d 671, 672 n.1 (8th Cir. 2003). The principal symptoms are "pain all over," trauma, anxiety fatigue, disturbed sleep, stiffness, irritable bowel symptoms, and—the only symptom that discriminates between it and other diseases of a rheumatic character— multiple tender spots, more precisely eighteen fixed locations on the body that when pressed firmly cause the patient who really has fibromyalgia to flinch. *See* THE MERCK MANUAL 1369-1371 (16th ed. 1992).

In May 2010, Plaintiff returned to the VA requesting stronger pain medication to treat the pain in his legs, feet, and heels. Tr. 367. In July, he reported continued lower back pain with pain running down his leg and numbness in his fingers. Tr. 362. And, his chronic kidney disease was said to be at Stage 2 in August 2010 with no evidence of deterioration. Tr. 354. In October 2010, A CT scan of his lumbar spine revealed mild osteoarthritic changes involving the articulating facets bilaterally, multilevel spondylosis with a large broad-based disk bulge at the L4-5 level, and a mild broad-based disk bulge at the L2-3. Tr. 406-407.

In November 2010, Plaintiff was examined by Dr. Danny Silver. Tr. 398-402. Dr. Silver's exam revealed decreased forward flexion and rotation in the cervical spine, decreased flexion in the lumbar spine, decreased rotation in the hips with crepitance and pain, decreased motion in the knees, an 80% grip strength, and difficulty walking on heel-toes and squatting and arising from a squatting position. As a result, Dr. Silver opined that Plaintiff could sit for a total of 2 hours per day, stand for a total of 4 hours per day, and walk for a total of 4 hours per day. Further, he determined Plaintiff could frequently lift/carry up to 10 pounds, occasionally lift/carry 11 to 20 pounds, and never lift/carry more than 20 pounds. Dr. Silver also opined that Plaintiff could occasionally bend, stoop, and drive an automobile, but never squat, crawl, climb, crouch, kneel, be exposed to unprotected heights, or be around moving machinery.

In spite of this evidence, however, the ALJ determined Plaintiff could perform a full range of medium level work with no limitations. He dismissed Dr. Silver's opinion, stating that it was inconsistent with the medical evidence of record. And, the government encourages us to uphold this dismissal, stating that Plaintiff's counsel admitted at the hearing that he referred Plaintiff to Dr. Silver because Dr. Hoang had failed to note any physical limitations. As the objective evidence indicates, though, this is not an entirely accurate statement. Dr. Hoang stated Plaintiff would have moderate

5

limitations, without defining the term moderate. Dr. Silver was then consulted so that the record would include an actual assessment of Plaintiff's particular limitations.

Because the objective evidence reveals that Plaintiff experienced pain on a level that would limit his ability to sit, stand, and walk for extended periods of time, as well as squat, crawl, climb, crouch, and kneel, we can not say that the ALJ's RFC determination is supported by substantial evidence. Accordingly, remand is necessary to allow the ALJ to revisit this issue. The ALJ is reminded that, in the context of a fibromyalgia case, the ability to engage in activities such as cooking, cleaning, and hobbies, does not constitute substantial evidence of the ability to engage in substantial gainful activity. *Brosnahan*, 336 F.3d 671, 677 (8th Cir. 2003); *See Kelley v. Callahan,* 133 F.3d 583, 588-89 (8th Cir. 1998).

We also note that the ALJ must then make explicit findings regarding the actual physical and mental demands of the claimant's past work. *See Ingram v. Chater*, 107 F.3d 598, 604 (8th Cir. 1997). And, he should compare the claimant's residual functional capacity to the actual demands of the past work to determine whether the claimant is capable of performing the relevant tasks[3]. *Id*. In the present case, the record does not contain a thorough discussion of the physical and mental requirements of Plaintiff's past work as a carpenter. Accordingly, on remand, the ALJ is also directed to develop the record further in this regard.

### IV.   Conclusion:

Based on the foregoing, we reverse the decision of the ALJ and remand this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

---

[3] A conclusory determination that a claimant can perform past work without these findings does not constitute substantial evidence. *See Ingram*, 107 F.3d at 604.

DATED this 27th day of August 2012.

                                                  /s/ *J. Marschewski*
                                                  HON. JAMES R. MARSCHEWSKI
                                                  UNITED STATES MAGISTRATE JUDGE